**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARKEL INSURANCE COMPANY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **2 RJP VENTURES, LLC & ANNE** | § | |
| **DROPP AND AMY SLABAUGH, AS** | § | 4:19-cv-41 |
| **SOLE SURVIVING HEIRS AND** | § | |
| **WRONGFUL DEATH BENEFICIARIES** | § | |
| **OF LYLE POWELL,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## MARKEL INSURANCE COMPANY, INC.'S
## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Markel Insurance Company ("Markel Insurance") files this Original Complaint for Declaratory Judgment, seeking a declaration that it has no obligation to defend or indemnify Defendant 2 RJP Ventures, LLC in an underlying state court wrongful death lawsuit:

### I.
### JURISDICTION AND VENUE

1.    Markel Insurance is an Illinois corporation, organized and existing under the laws of the State of Illinois, with its principal place of business in Virginia.

2.    Defendant 2 RJP Ventures, LLC d/b/a Lawn Doctor of McKinney-Allen ("2 RJP Ventures") is a Texas limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business at 2400 Stallion Street, Carrollton, Denton County, Texas.  2 RJP Ventures has no living registered agent, president, director, general manager, trustee, assignee, or other person in charge of the affairs of the entity on whom service may be effected.

Therefore, pursuant to Section 5.251(l) of the Texas Business Organizations Code, 2 RJP Ventures may be served through the Texas Secretary of State because it failed to maintain a registered agent for service of process or the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity.

3.      Defendant Anne Dropp is one of two natural and surviving daughters of decedent Lyle Powell.  Ms. Dropp resides in Woodstock, Cherokee County, Georgia.

4.      Defendant Amy Slabaugh is the other surviving daughter of decedent Lyle Powell. Ms. Slabaugh resides in Midland, Midland County, Michigan.

5.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) as Markel Insurance and Defendants are citizens of different states, and the amount in controversy in this lawsuit (exclusive of interest and costs) exceeds the sum of $75,000.

6.      This Court has personal jurisdiction over 2 RJP Ventures because it is a Texas limited liability company that operates in the State of Texas.  This Court has personal jurisdiction over Dropp and Slabaugh because they have purposely availed themselves of the rights and privileges afforded by the State of Texas, by filing a lawsuit under Texas common law, in Texas state court, to recover damages arising out of the wrongful death and survival claims of decedent Lee Powell, who was a resident of, and died in, Texas.

7.      This Court is a proper venue for this Complaint under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this dispute occurred in this judicial district as the underlying claim occurred within this judicial district.

8.      This Complaint is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and seeks declaratory relief as to Markel Insurance's obligations, if any, pursuant to a liability insurance policy issued to 2 RJP Ventures.  Markel Insurance files this declaratory judgment action to resolve

questions of coverage, including its duty to defend and/or indemnify 2 RJP Ventures with respect to a wrongful death lawsuit filed by Defendants Dropp and Slabaugh.  An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## II.
## THE POLICY

9.      Markel Insurance issued Commercial Lines Policy No. PCP20038377-00 ("Policy") to 2 RJP Ventures as the "Named Insured," for the period of August 16, 2017 to August 16, 2018.  Liability coverage is furnished under Commercial General Liability Coverage Form CA CG 00 01 (edition 04/13), as modified by a "TEXAS PEST CONTROL COMMERCIAL GENERAL LIABILITY ENHANCEMENT" Endorsement (Coverage Form MGL 1220-TX 04 15).  The Policy provides a $1,000,000 limit of insurance per occurrence, subject to a $1,000 deductible.  The Policy also provides a separate $5,000 "Medical Expense" limit of insurance. "Medical Expense" coverage is subject to all of the exclusions listed under Coverage A, "Bodily Injury and Property Damage Liability."

10.      A true and complete copy of the Policy is attached hereto as **Exhibit "1."**

## III.
## THE INSURED AND THE INCIDENT

11.      On or around June 13, 2017, Ross J. Powell filed a Certificate of Formation for 2 RJP Ventures with the Office of the Secretary of State of Texas.  Ross named himself as the Manager and Registered Agent of 2 RJP Ventures.  On or around June 30, 2017, Ross Powell filed an Assumed Name Certificate for 2 RJP Ventures, to record that 2 RJP Ventures was operating under the assumed name of "Lawn Doctor of McKinney / Allen."

12.      2 RJP Ventures provided a variety of lawn care services, including fertilization, weed control, seeding, aeration, and pesticide spraying.  Its sole member, manager, and employee was Ross Powell.

13.     On October 25, 2017, Ross's father, Lyle Powell, was accompanying Ross in a customized van that 2 RJP Ventures had leased from its franchisor, Lawn Doctor, Inc.  Ross was driving the van in the course and scope of his employment with 2 RJP Ventures.  On information and belief, Lyle Powell was not an employee of 2 RJP Ventures at the time.

14.     To power certain work-related equipment in the van, Ross used a "Powerhorse Model 42411" gasoline-powered portable inverter-generator.

15.     Ross kept the generator inside a rear compartment of the van, which was separated from the passenger area by a wall, but shared airspace with the passenger area.

16.     Ross and Lyle Powell died in the front driver's side and passenger side seats, respectively, as a result of carbon monoxide poisoning from the fumes that emanated from the generator running inside of the van.

## IV.
## THE UNDERLYING LAWSUIT

17.     On July 6, 2018, Dropp and Slabaugh sued 2 RJP Ventures, in a lawsuit entitled *Anne Dropp and Amy Slabaugh v. 2RJP Ventures, LLC*, in the 158th Judicial District Court of Denton County, Texas, Case No. 18-5864-158 ("Underlying Lawsuit").

18.     The Underlying Lawsuit alleges that Dropp and Slabaugh are the daughters of Lyle, that Lyle had no surviving spouse or parents, and that Dropp and Slabaugh are the only surviving heirs and wrongful death beneficiaries of Lyle's estate.  Dropp and Slabaugh allege that 2 RJP Ventures' negligence proximately caused Lyle's death in that Ross, as 2 RJP Ventures' "employee/agent . . . knew or should have known, understood, and appreciated the danger of running a gasoline-powered generator in an enclosed or confined space."  Dropp and Slabaugh's *Original Petition* quotes from the generator's owner's manual, which states, "Generators give off carbon monoxide, a poisonous gas that can kill you.  You CANNOT smell it, see it, or taste it.

ONLY run generator OUTDOORS . . . NEVER run generator inside any enclosed or semi-enclosed spaces . . . ."  Based on these allegations, Dropp and Slabaugh seek damages in excess of $1,000,000 for the pain, suffering, and death of Lyle, and their own loss of parental consortium. Dropp and Slabaugh also seek exemplary damages, based on the allegation that 2 RJP Ventures' conduct, through Ross Powell, involved an extreme degree of risk and conscious indifference to the safety and welfare of Lyle.

19.     A true and complete copy of the original petition in the Underlying Lawsuit is attached hereto as **Exhibit "2."**

20.     Markel Insurance is currently defending 2 RJP Ventures in the Underlying Lawsuit pursuant to a full reservation of rights.  A true and complete copy of the reservation of rights letter is attached hereto as **Exhibit "3."**

**V.**
**COUNT I – THE POLICY'S POLLUTION EXCLUSION BARS COVERAGE.**

21.     Markel Insurance incorporates each and every one of the preceding paragraphs, as if fully stated herein.

22.     The Policy states as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> * * *
>
> **2.  Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> **f.  Pollution**
>
> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

* * *

(c)     Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

(i) Any insured; or

(ii) Any person or organization for whom you may be legally responsible; or

(d)     At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor.

23.     The Policy defines "Pollution" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

24.     Carbon monoxide is "pollution" because it is a gaseous irritant and/or contaminant.

25.     Because Lyle's death arose out of the actual discharge, dispersal, release and/or escape of carbon monoxide, the Policy's "Pollution" exclusion applies. On that basis, Markel Insurance has no duty to defend or indemnify 2 RJP Ventures in the Underlying Lawsuit.

## VI.
## COUNT II – THE POLICY'S "AIRCRAFT, AUTO OR WATERCRAFT" EXCLUSION BARS COVERAGE.

26.     Markel Insurance incorporates Paragraphs 1 through 21, as if fully stated herein.

27.     The Policy states:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

* * *

### 2. Exclusions

This insurance does not apply to:

\* \* \*

### g. Aircraft, Auto or Watercraft

"Bodily injury" . . . Arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

\* \* \*

### SECTION V – DEFINITIONS

\* \* \*

### 2. "Auto" means:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

28.      Because Ross's injuries and death arose out of the use of the van, the Policy's "Aircraft, Auto or Watercraft" exclusion applies.  On that basis, Markel Insurance owes no duty to defend and/or indemnity 2 RJP Ventures in the Underlying Lawsuit.

### VII.
### COUNT III – THE POLICY'S "WORKER'S COMPENSATION AND SIMILAR LAWS" AND "EMPLOYER'S LIABILITY" EXCLUSIONS BARS COVERAGE.

29.      Markel Insurance incorporates Paragraphs 1 through 21, as if fully stated herein.

30.      The Policy states:

---

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

\* \* \*

**2. Exclusions**

This insurance does not apply to:

\* \* \*

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

**5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

\* \* \*

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

31.     Dropp and Slabaugh allege that "Lyle Powell was not an employee of [2 RJP Ventures] at any time."  Whether this allegation is true is currently unknown to Markel Insurance. If Lyle was an "employee" of 2 RJP Ventures who was either acting in the course of his employment or performing duties related to 2 RJP Ventures' business at the time of his death, then the Policy's "Employer's Liability" exclusion applies.  On that basis, Markel Insurance owes no duty to defend and/or indemnify 2 RJP Ventures in the Underlying Lawsuit.  Likewise, if 2 RJP Ventures had an obligation to Lyle under a workers' compensation, disability benefits, or other unemployment compensation law, then the Policy's "Workers' Compensation And Similar Laws" exclusion bars coverage.

## VIII.
## PRAYER FOR RELIEF

Markel Insurance prays for judgment:

(1)     Declaring, as to Count I, that Markel Insurance has no duty to defend or indemnify 2 RJP Ventures in the Underlying Lawsuit, due to the Policy's "Pollution" exclusion;

(2)     Declaring, as to Count II, that Markel Insurance has not duty to defend or indemnify 2 RJP Ventures in the Underlying Lawsuit, due to the Policy's "Aircraft, Auto or Watercraft" exclusion;

(3)     Declaring, as to Count III, that Markel Insurance has no duty to defend or indemnify 2 RJP Ventures in the Underlying Lawsuit, due to the Policy's "Workers' Compensation And Similar Laws" and "Employer's Liability" exclusions; and

(4)     awarding Markel Insurance such other and further relief as the Court may deem just and proper.

Dated:  January 16, 2019                    Respectfully submitted,

                                            **GORDON & REES**

                                            By:  */s/ Robert A. Bragalone*
                                                 **ROBERT A. BRAGALONE**
                                                 State Bar No. 02855850
                                                 bbragalone@grsm.com
                                                 **B. RYAN FELLMAN**
                                                 State Bar No. 24072544
                                                 rfellman@grsm.com

                                            2200 Ross Avenue, Suite 4100 West
                                            Dallas, TX  75201
                                            (214) 231-4660 (Telephone)
                                            (214) 461-4053 (Facsimile)

                                            **ATTORNEYS FOR PLAINTIFF MARKEL
                                            INSURANCE COMPANY**